**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| COSIMO VINCI, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | Civil Action File No. |
| v. | ) ) | |
| CREDIT RATING BUREAU, INC. d/b/a CRB SERVICE COMPANY, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO:**  THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION and

Christina D. Crow
Jinks, Crow & Dickson, P.C.
P.O. Box 35
Union Springs, AL 36089

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Section 1446(a) and

(b), the Defendant Credit Rating Bureau., d/b/a CRB Service Company hereby

removes this case to the United States District Court for the Northern District of

Georgia, Atlanta Division based on the following grounds:

1.    This action is removable to the United States District Court under 28

U.S.C. Sections 1331 and 1441 on the grounds of federal question jurisdiction, in

that the complaint purports to allege a cause of action under the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, *et seq*.

2.      Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed

within thirty days after Defendant's receipt of the initial pleadings setting forth the

claim for relief upon which this action is based.

3.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" are

copies of the following documents, which are all the process, pleadings and orders

received by one or more Defendants in this action, to wit:  documents bates

numbered 1 through 22.

4.      Upon receipt of this Notice, no further action shall be taken in the

State Court of Fulton County, State of Georgia.

5.      By filing this Notice of Removal, the Defendant demonstrates its

consent to the removal of the case to this Court.

Respectfully submitted this 31st day of March, 2011.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust
Georgia Bar No. 448584

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 244

- 2 -

Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com

# EXHIBIT "A"

*11EV012046*

**GEORGIA, FULTON COUNTY**

**State Court of Fulton County**
***EFILED***
DO NOT WRITE IN THIS SPACE
LexisNexis Transaction ID: 36091765
Date: Feb 23 2011 12:09PM
Mark Harper, Clerk

**STATE COURT OF FULTON COUNTY**
Civil Division

*1040857*

CIVIL ACTION FILE NO. _____

\*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND
ALL PLEADINGS MUST BE E-FILED \*\*\*\*
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

COSIMO VINCI, on behalf of himself and all
Others similarly situated,
P.O. Box 350, Union Springs, AL 36089
Plaintiff's Name, Address, City, State, Zip Code

vs.

CREDIT RATING BUREAU, INC., d/b/a
CRB SERVICE COMPANY c/o Stanley Daugherty
6065 Roswell Road, Suite 440, Atlanta GA 30328
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Christina D. Crow

Address: P.O. Box 350

City, State, Zip Code: Union Springs, AL 36089   Phone No.: 334-738-4225

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____                                    Angela Dash Winfrey, Chief Deputy Clerk

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served , this ____ day of _____ , 20 ____

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____ , 20____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 36091765
Date:  Feb 23 2011 12:09PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

COSIMO VINCI, on behalf of himself and all   )
others similarly situated,   )
   )
   **Plaintiffs,**   )
   ) **Civil Action No.:** _____
   )
**v.**   )
   )
**CREDIT RATING BUREAU, INC. d/b/a**   )
**CRB SERVICE COMPANY.**   )
   )
   **Defendants.**   )

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### INTRODUCTION

1.  This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.; the Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §10-1-370, et seq ("Ga. UDTPA"); and Georgia common law.

### PARTIES

2.  Cosimo Vinci ("Plaintiff") brings this suit on behalf of himself and a class of similarly situated persons who were sent debt collection letters from Defendant Credit Rating Bureau, Inc. d/b/a CRB Service Company (hereinafter "CRB") stating that CRB represents the "Court".

3.  Defendant CRB is a debt collector which is a Georgia corporation with its principal place of business located in Atlanta, Georgia.

## FACTS

4.     On or about November 8, 2010, Defendant CRB sent a form debt collection letter to Plaintiff Cosimo Vinci.  The form debt collection letter from CRB stated "We [CRB] are representing both the Court and American Shingle & Siding, Inc." (See form letter attached as Exhibit "A")

5.     Upon information and belief, Defendant CRB sent the same or similar debt collection letters to numerous similarly situated Plaintiffs throughout the United States.

6.     The statement in Exhibit "A" that CRB represents the Court violates the Fair Debt Collection Practices Act ("FDCPA"), the Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §10-1-370, et seq ("Ga. UDTPA"), and Georgia common law.

7.     The representation to consumers that CRB represents the Court is an unfair and deceptive practice giving consumers the impression CRB has the authority and force of a federal court in collecting alleged debts.

## CLASS ALLEGATIONS

8.     This matter is brought as a class action.  Plaintiff tentatively defines the class as follows:  **All persons who were sent debt collection letters from CRB which reference an alleged debt and state that CRB is representing the Court**.  Plaintiff may subsequently refine the class definition in light of discovery.

9.     The class is so numerous that joinder of all members is impractical.  On information and belief, letters similar to Exhibit "A" have been sent to hundreds of consumers.

10.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal question is whether

Defendant's conduct in connection with the mailing of Exhibit "A" or a similar letter to consumers violates the FDCPA, the Ga. UDTPA, and Georgia common law.

11.     There are no individual questions, other than whether a class member received one of the offending letters, which can easily be determined by review of Defendant's records.

12.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff is greatly annoyed at being the victim of Defendant's illegal practices and wishes to see that the wrong is remedied.  To that end, Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful business practices, including the FDCPA.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

13.     Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

14.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the consumers who receive Exhibit "A" or a similar debt collection letter undoubtedly believe that CRB is affiliated with the Court and have no knowledge that their rights are being violated by illegal collection practices.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et seq.

15.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

16.     Plaintiff Cosimo Vinci and all other similarly situated Plaintiffs are "consumers" for purposes of the FDCPA as defined in 15 U.S.C. §1692a(3).

17.    Defendant CRB is a "debt collector" for purposes of the FDCPA as defined in 15 U.S.C. §1692a(6).

18.    Defendant CRB engaged in "communications" with Plaintiffs for purposes of the FDCPA as defined in 15 U.S.C. §1692a(2).

19.    Defendant CRB engaged in communications with Plaintiffs for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

20.    Debt collectors are prohibited by 15 U.S.C. §1692e(1) from making false representations that the debt collector is affiliated with the United States.

21.    Exhibit "A" sent by Defendant CRB to Plaintiffs falsely represented CRB was representing the United States Bankruptcy Court for the Northern District of Georgia thereby violating 15 U.S.C. §1692e(1).

22.    Defendant CRB violated 15 U.S.C. §1692f by employing unfair and deceptive practices to collect alleged debts from Plaintiffs through Defendant's false representation that it was acting on behalf of the Court and such representations were calculated to intimidate consumers into paying CRB by making them believe that CRB actually represents the Court.

23.    Defendant CRB's statements that it represented the United States Bankruptcy Court was intended to abuse, oppress and harass Plaintiffs into paying alleged debts in violation of 15 U.S.C. §1692d.

24.    The Defendant's statements violate 15 U.S.C. §1692e(3) and the general prohibition of false, misleading or deceptive representations in 15 U.S.C. §1692e, in that it makes the false representation or implication that Defendant represents the court.

25.    Defendant CRB violated 15 U.S.C. §1692j by the use of Exhibit "A". Section 1692j makes it unlawful to "design, compile, and furnish any form knowing that such form

would be used to create the false belief in a consumer that person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." The purpose and effect of the statements in Exhibit "A" was to create the false belief in consumers who receive it that the "court" was attempting to collect their alleged debts, when in fact the court was not attempting to collect the alleged debts.

26.     All actions taken by Defendant CRB were done willfully, with malice, and were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were in violation of the FDCPA and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA.

WHEREFORE, Plaintiff requests that the Court grant the following relief in his favor and in favor of the class and against Defendants:

    a.  The maximum amount of statutory damages provided under 15 U.S.C. §1692.

    b.  Attorney's fees, litigation expenses and costs.

    c.  Such other and further relief as is appropriate.

## COUNT II

### NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

27.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

28.     Defendant CRB had a duty under Georgia law to act reasonably under the circumstances.

29.    Defendant CRB violated this duty under Georgia law by attempting to collect alleged debts through the use of unconscionable and illegal means in violation of state and/or federal law.

30.    Defendant CRB violated its duties to Plaintiffs and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties the Defendant had.

31.    Plaintiffs have been damaged as a proximate result of Defendant CRB's wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant CRB for actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.

## COUNT III

### VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (Ga.Code Ann.§ 10-1-370)

32.    Plaintiff incorporates by reference all of the preceding paragraphs.

33.    Defendant CRB as described above, undertook at least the following deceptive trade practices by engaging in conduct which creates a likelihood of confusion or of misunderstanding.

34.    Defendant CRB knew that its conduct was deceptive, and continued to willfully engage in the conduct.

35.    Plainttiff and the Class have been damaged, or are likely to be damaged by CRB's deceptive conduct.

36.     Plaintiff and the Class are entitled to injunctive relief as equity allows.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an award against CRB as follows:

a.     Certifying this action to proceed as a class action, and naming Plaintiff as the representative for the Class and his counsel as counsel for the Class;

b.     Awarding Plaintiff and the Class compensatory damages and all statutory, exemplary or treble damages from CRB permitted by law;

c.     Awarding Plaintiff and the Class punitive damages as a result of CRB's willful and intentional unlawful and inequitable conduct;

d.     Permanently enjoining  CRB from continuing to engage in the unlawful and inequitable conduct alleged herein;

e.     Granting Plaintiff and the Class all equitable remedies permitted by law against CRB;

f.     Ordering and instructing CRB to provide restitution and/or to disgorge into a common fund or constructive trust all monies paid by Plaintiff and the Class to full extent to which CRB is unjustly enriched by its unlawful and inequitable conduct alleged herein;

g.     Granting Plaintiff and the Class the costs of prosecuting this action against CRB, together with interest and reasonable attorneys' and experts' fees;

h.     Granting such other relief against CRB as the Court may deem just and proper under the circumstances and applicable laws.

  i.  An order certifying that the action may be maintained as a class action against CRB;

  j.  An order enjoining CRB from continuing to represent to consumers that they represent the Court.

  WHEREFORE, Plaintiff demands judgment against Defendant CRB for actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding.

         JINKS, CROW & DICKSON, P.C.

         */s/Christina D. Crow*
         CHRISTINA D. CROW
         GA. STATE BAR NO. 198370

         P.O. Box 350
         Union Springs, AL 36089
         Tel: 334-738-4225
         Fax: 334-738-4229

### JURY DEMAND

  Plaintiffs demand a trial by jury in this matter.

         */s/Christina D. Crow*
         OF COUNSEL

### PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Credit Rating Bureau, Inc. d/b/a CRB Service Company
c/o Stanley R. Daugherty
6065 Roswell Road, Suite 440
Atlanta, Georgia 30328

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 36091765
Date:  Feb 23 2011 12:09PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| COSIMO VINCI, on behalf of himself and all others similarly situated, <br><br>     **Plaintiffs,** <br><br> **v.** <br><br> **CREDIT RATING BUREAU, INC. d/b/a CRB SERVICE COMPANY,** <br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)  **Civil Action No.:** _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT CREDIT RATING BUREAU, INC. d/b/a CRB SERVICE COMPANY

COMES NOW Plaintiff Cosimo Vinci and those similarly situated Plaintiffs, by and through counsel, and hereby request that Defendant Credit Rating Bureau, Inc. d/b/a CRB Service Company (hereinafter, collectively, "you," "your," and/or "this Defendant"), answer the following interrogatories, request for admissions, and requests for production of documents within the time required by the Georgia Rules of Civil Procedure.  In addition, Plaintiffs request that Defendant attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that this Defendant state the date and time the said documents will be produced for inspection and copying at the offices of Plaintiffs' attorneys.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.   INTERROGATORIES:

1.     State whether this Defendant's name correctly is stated in the complaint filed in this case. If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.     State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

   a. State the address of all business locations of this Defendant;

   b. Describe the nature of this Defendant's business.

**RESPONSE:**

3.     Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4. Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other entity, relating to or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5. State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database.

**RESPONSE:**

6. State the name(s) of all software used by you when attempting to collect alleged debts , including the account for American Shingle and Siding, Inc.

**RESPONSE:**

7. State the legal names, assumed names, aliases, home addresses, date of birth, and gender of all natural persons who attempted to collect or assisted in attempting to collect accounts for American Shingle and Siding, Inc.

**RESPONSE:**

8.      State your policy and procedure for pulling credit reports. Identify and produce all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.      Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**

11.     State how many letters you sent wherein you stated you "represented both the Court and American Shingle & Siding, Inc."

**RESPONSE:**

12.     Provide all contact information in your possession, custody, or control, including, but not limited to, the names, addresses, and telephone numbers of every person you sent a form letter wherein you stated you "represented both the Court and American Shingle & Siding, Inc."

**RESPONSE:**

13.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**

14.     State whether you or your attorneys made any audio recording of Plaintiffs while attempting to collect the account of American Shingle & Siding, Inc.

**RESPONSE:**

15.     For each request for admission to which you did not give an unqualified "admitted," please state in detail the basis for each such refusal to admit and identify all documents which relate to your refusal to admit.

**RESPONSE:**

16.     Identify all information provided to you by American Shingle & Siding, Inc. relating to or referring to Plaintiff's accounts from whom you were attempting to collect.

**RESPONSE:**

17.     State whether you had the ability during your attempts to collect debts from Plaintiffs to obtain credit reports on Plaintiffs, and if you did not obtain a credit report, state all reasons why you did not obtain a credit report while engaging in collection activities for American Shingle & Siding, Inc.

**RESPONSE:**

18.     Identify by caption, court or agency, case number, and result all litigation filed by consumers and/or administrative actions brought against you in the past five (5) years alleging violations of the Fair Debt Collection Practices Act, Federal Trade Commission Act, any state unfair and deceptive trade act, any state consumer protection act, and/or any similar law.

**RESPONSE:**

19.     State in detail all terms of any agreement between you and American Shingle & Siding, Inc. and/or any other entity regarding, relating, and/or referring to your collection activities with regard to collecting accounts for American Shingle & Siding, Inc., including, but not limited to, the handling of any notices from a bankruptcy court and the sending of any collection letters to collect upon accounts of American Shingle & Siding, Inc.

**RESPONSE:**

20.     State in detail all actions you took to ensure the form letters you sent to Plaintiffs like the one sent to Cosimo Vinci dated November 8, 2010 complied with the Fair Debt Collection Practices Act.

**RESPONSE:**

21.     Identify by name, last known address, and telephone number of each person who assisted in the preparation of the responses to these interrogatories, and specifically, the role each person performed.

**RESPONSE:**

22.     State whether you are a member of the Association of Credit and Collection Professionals ("ACA International").

**RESPONSE:**

23.    State whether you have ever applied, will apply, have ever received or will receive any funds from the ACA Legal Fund for the defense of a lawsuit alleging violations of the Fair Debt Collection Practices Act, including, but not limited to, this matter.

**RESPONSE:**

## II.    FIRST REQUEST FOR ADMISSIONS

1.    Admit or deny you represented to Plaintiffs in a form letter such as the one you sent to Cosimo Vinci dated November 8, 2010 that you were representing "both the Court and American Shingle & Siding, Inc."

**RESPONSE:**

2.    Admit or deny you did not actually represent the United States Bankruptcy Court for the Northern District of Georgia as you stated in your form letters like the one you sent to Cosimo Vinci dated November 8, 2010

**RESPONSE:**

3.    Admit or deny that CRB is engaged in the business of collecting consumer debts and regularly collects consumer debts.

**RESPONSE:**

4.     Admit or deny Exhibit "A" attached to the Summons and Complaint is a printed form letter which has been sent to more than 500 persons.

**RESPONSE:**

5.     Admit or deny that you have sent letters in other bankruptcy cases (not American Shingle) in which you stated that you represent the court.

## III.    FIRST REQUEST FOR PRODUCTION

1.     Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the entity relating to or referring to the Plaintiffs, facts, acts, events, or matters alleged in Plaintiffs' complaint, or your answer, anticipated answer and/or defenses thereto.

2.     Produce all documents that reference, relate, and/or refer in any way to the Plaintiffs.

3.     Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiffs or anyone acting on or purporting to act on Plaintiffs' behalf.

4.     Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures ensuring compliance with the Fair Debt Collection Practices Act during each of the years: 2007, 2008, 2009, and 2010, including, but not limited to, documents relating, referring, and/or pertaining to your maintenance procedures designed to avoid a violation of the Fair Debt Collection Practices Act, including, but not limited to, all documents received from ACA International.

5.     Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Debt Collection Practices Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2007, 2008, 2009, and 2010.

6.     Produce all records in your possession, custody, or control kept in any form whatever, including, but not limited to, typewritten, hand written, electronic, tape, cd, dvd, and/or any other media and/or format whatever evidencing, relating, referring, or pertaining in any way to your attempts to collect accounts on behalf of American Shingle & Siding, Inc. from Plaintiffs.

7.     Produce all recordings in any format whatever, audio and/or video, as well as any transcripts thereof, that evidence, relate, refer, or pertain in any way to your attempts to collect accounts on behalf of American Shingle & Siding, Inc. from Plaintiffs.

8.     Produce copies of all debt collection policies, procedures, and/or techniques which were provided to persons attempting to collect accounts on behalf of American Shingle & Siding, Inc. from Plaintiffs.

9.     Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiffs and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.    Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiffs or any of Plaintiffs' accounts.

12.    Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

13.    Produce the user and programming manuals for all collection software used when attempting to collect accounts on behalf of American Shingle & Siding, Inc. from Plaintiffs.

14.    Produce all documents which list and define, or act as a key for, codes and abbreviations you used when attempting to collect accounts on behalf of American Shingle & Siding, Inc. from Plaintiffs.

15.    Produce copies of all insurance agreements under which any person or entity engaging in the business of providing insurance may be liable to satisfy all or part of a judgment that may be entered in this action or required to indemnify and/or reimburse you for payments made to satisfy a judgment against you.

16.    Produce all documents and/or policies in your possession, custody, or control, which relate, refer, or pertain to any applications and/or agreements between you and the ACA Legal Fund, including, but not limited to, applications or agreements for funds from the ACA Legal Fund to be used in defending this matter.

17.    Produce all agreements, documents, notes, and/or memoranda that relate, refer, and/or pertain to any written agreements between you and American Shingle & Siding regarding your collection activities in this matter, including, but not limited to, the sending of collection letters at issue in this matter.

18.     Produce all documents you consulted to prepare, or that relate to, your responses to Plaintiffs' interrogatories or these production requests.

### PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.

JINKS, CROW & DICKSON, P.C.


*/s/ Christina D. Crow*
CHRISTINA D. CROW
GA. STATE BAR NO. 198370

P.O. Box 350
Union Springs, AL 36089
Tel: 334-738-4225
Fax: 334-738-4229

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 36091765
Date: Feb 23 2011 12:09PM
Mark Harper



6065 ROSWELL ROAD
SUITE 440
ATLANTA, GEORGIA  30328

FORWARDING AND
ADDRESS CORRECTION
REQUESTED

SERVICE COMPANY

6065 ROSWELL ROAD · SUITE 440 · ATLANTA, GEORGIA, 30328
PROTECT YOUR CREDIT AND IT WILL PROTECT YOU

November 08, 2010



EXHIBIT
A

Cosimo Vinci          Redacted by counsel
Redacted by Counsel.

00

RE: American Shingle & Siding, Inc.   Account No. Redacted
CLIENT ACCOUNT NUMBER:                by Counsel.
IN THE AMOUNT OF: $ 1914.65

Case no. 10-85541-MGD filed with the United States Bankruptcy Court,
Northern District of Georgia, Atlanta Division-Jordan Lubin, Trustee

The Trustee has authorized our company to collect the above account
that is owed to American Shingle & Siding, Inc. We are representing
both the Court and American Shingle & Siding, Inc. You are legally
obligated to pay the above amount but have chosen to ignore this
balance. We ask you to work with us in resolving this matter.

If you acknowledge this obligation, you should mail us your check
for the balance in full. PLEASE INCLUDE YOUR ID NUMBER,
WITH YOUR REMITTANCE.                        ID No. Redacted
                                             by Counsel.
If you dispute the validity of this claim, or any portion thereof
you must notify us within 30 days. Unles[                ] office
within 30 days after receiving this notic[         ]e the
validity of this debt or any portion thereof, this office will
assume this debt is valid. If you notify this office in writing
within 30 days from receiving this notice, this office will: obtain
verification of the debt or obtain a copy of a judgment and mail you
a copy of such judgment or verification. If you request in writing
within 30 days after receiving this notice, this office will provide
you with the name and address of the original creditor, if different
from the current creditor. This is an attempt to collect a debt and
any information obtained will be used for that purpose. Should you
need to contact us, and are located outside of Atlanta, you may call
1-800-476-3459 toll free. This is a communication from a debt
collector.

Sincerely,

CRB SERVICE COMPANY, INC.

Randall Bertram

PLEASE CUT ON DOTTED LINE AND SEND PAYMENT IN ENCLOSED ENVELOPE

PLEASE INCLUDE YOUR AGENCY ID NUMBER ON YOUR CHECK

  

CRB SERVICE COMPANY           As a convenience this office accepts Visa and MasterCard
6065 ROSWELL ROAD             Name on Account _____ CRB Acct #_____
SUITE 440                     Name on Credit Card _____ Amount Paid $_____
ATLANTA, GA  30328            Credit Card # _____ Exp. Date _____
                              Signature _____
(404) 252-9550   OUT OF AREA (800) 476-3459   FAX NO. (404) 250-2114

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

COSIMO VINCI, on behalf of himself and all            )
others similarly situated,                            )
                                                      )
      Plaintiff,                                  )      Civil Action File No.
v.                                                    )
                                                      )
CREDIT RATING BUREAU, INC. d/b/a                      )
CRB SERVICE COMPANY,                                  )
                                                      )
      Defendants.                                 )
_____)

### CERTIFICATE OF SERVICE

      This is to certify that I have this date served a copy of the within and foregoing Defendant's Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

      Christina D. Crow
      Jinks, Crow & Dickson, P.C.
      P.O. Box 35
      Union Springs, AL 36089

Respectfully submitted this 31st day of March, 2011.

                            **BEDARD LAW GROUP, P.C.**

                            /s/ John H. Bedard, Jr.
                            John H. Bedard, Jr.
                            Georgia Bar No. 043473
                            Jonathan K. Aust
                            Georgia Bar No. 448584